## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

ADAM KILLICK,

     Plaintiff,

v.                               Case No.  5:23-cv-203-AW-MJF

ERIC SMIDT and HARBOR
FREIGHT TOOLS USA, INC.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This is Plaintiff Adam Killick's second attempt to establish that Defendant Harbor Freight Tools USA, Inc. manufactured and sold to Plaintiff a defective power-tool component—a cut-off wheel—that injured Plaintiff's hand. Because the doctrines of claim preclusion and issue preclusion bar this civil action, the District Court should dismiss this case.

## I. BACKGROUND

### A.  Plaintiff's Allegations

Plaintiff raises three claims under Florida law: "Strict Liability"; "Design Defect"; and "Strict Liability Failure to Adequately Warn." Doc.

11 at 3, 6, 10. Plaintiff alleges that on December 2, 2019, he purchased a "'WARRIOR' brand 4-1/2 in. Aluminum Oxide 60 Grit Metal 13,300 Max RPM Thin Cut-Off Wheel 10 Pk" (the "cut-off wheel") from Defendant Harbor Freight Tools USA, Inc. ("HFT"). Doc. 11 at 2. On January 25, 2020, when Plaintiff attempted to use the cut-off wheel on his angle grinder, the cut-off wheel detached and injured Plaintiff's hand. *Id.* at 2–3. As Plaintiff acknowledged in his motion for leave to amend his complaint, this is not Plaintiff's first lawsuit against HFT. Doc. 10 at 1.

## B.  Plaintiff's Allegations in *Killick v. Harbor Freight Tools USA, Inc.*, No. 5:21-cv-111-MW-MJF (N.D. Fla.) ("*Killick I*")

On March 23, 2021, Plaintiff initiated a civil action against HFT) in a Florida court. On May 24, 2021, HFT removed that case to the United States District Court for the Northern District of Florida. Notice of Removal, *Killick I*, ECF No. 1. In that action, Plaintiff asserted the same three claims he asserts in the instant case: (1) "Strict Liability"; (2) "Design Defect"; and (3) "Strict Liability Failure to Adequately Warn." *Id.* at 6–11. Those claims arose from injuries Plaintiff allegedly suffered on January 25, 2020, when Plaintiff used the cut-off wheel that Plaintiff had purchased from HFT on December 2, 2019. *Id.* ¶¶ 5–6, at 2.

On February 8, 2023, Chief United States District Judge Mark E. Walker granted HFT's motion for summary judgment and dismissed Plaintiff's claims with prejudice. Ord. Accepting and Adopting Rep. & Recommendation, *Killick I*, ECF No. 140. Plaintiff appealed this decision, and this appeal remains pending. *See* Notice of Appeal, *Killick v. Harbor Freight Tools USA Inc.*, No. 23-10626 (11th Cir. Feb. 27, 2023), ECF No. 1.

## II. STANDARD

Plaintiff is proceeding *in forma pauperis*. The District Court, therefore, is required to review Plaintiff's complaint and dismiss any claim that is frivolous, fails to state a claim upon which relief can be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A federal court should dismiss a claim when the allegations demonstrate that recovery is barred by an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Ingram v. Kubik*, 30 F.4th 1241, 1250 (11th Cir. 2022). This includes the affirmative defenses of claim preclusion and issue preclusion. *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 n.2 (11th Cir. 2010) (citing *Boone v. Kurtz*, 617 F.2d 435, 436 (5th

Cir. 1980)); *see Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised.") (quotation omitted).

## III. DISCUSSION

There are two separate and independent bases for the District Court to dismiss this civil action: this action is barred by the doctrine of claim preclusion and the doctrine of issue preclusion.

## A. <u>Claim Preclusion</u>

The doctrine of claim preclusion prohibits "repetitious suits involving the same causes of action." *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948). Claim preclusion reduces the expense of defending multiple lawsuits, conserves judicial resources, and minimizes the possibility of inconsistent decisions. *Shurick*, 623 F.3d at 1116 (citing *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). It applies when "(1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action." *Id.* at 1116–17 (citing *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)); *Mann v. Palmer*, 713 F.3d 1306, 1311 (11th

Cir. 2013). Notably, claim preclusion applies to claims raised in a subsequent action that "could have been raised and decided in a prior action—even if they were not actually litigated" in the prior action. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. ___, 140 S. Ct. 1589, 1595 (2020). Claim preclusion also applies when there is privity between the originally named party and a successive party. *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1502–03 (11th Cir. 1990).

### 1. *Killick I Was Decided by a Court of Competent Jurisdiction*

The district court in *Killick I* was a court of competent jurisdiction to enter final judgment on Plaintiff's claims. In *Killick I*, the district court possessed subject-matter jurisdiction based on the parties' diverse citizenship. *Citibank, N.A.*, 904 F.2d at 1501 (concluding that the district court was a court of competent jurisdiction because it had diversity-of-citizenship jurisdiction).

### 2. *Killick I Resulted in a Final Judgment on the Merits*

In *Killick I*, the court issued a final judgment on the merits adverse to Plaintiff. Ord. Accepting and Adopting Rep. & Recommendation, *Killick I*, ECF No. 140. Specifically, Chief Judge Walker granted HFT's motion for summary judgment and dismissed Plaintiff's claims with

prejudice because Plaintiff failed to adduce expert testimony in support of his claims. *See* Rep. & Recommendation, *Killick I,* ECF No. 135; Ord. Accepting and Adopting Rep. & Recommendation, *Killick I,* ECF No. 140. The fact that Plaintiff has appealed this decision is of no moment because in the federal courts, "a final judgment retains all of its res judicata consequences pending decision of the appeal." *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988); *see Stardust, 3007 LLC v. Brookhaven*, 899 F.3d 1164, 1171 (11th Cir. 2018).

### 3.   *Killick I Involved the Same Parties or Those in Privity*

Plaintiff also was the plaintiff in *Killick I*. HFT also was a defendant in *Killick I*. Although Plaintiff did not name Defendant Eric Smidt as a defendant in *Killick I*, at all relevant times Smidt was HFT's CEO.[1] Claim preclusion applies when there is privity between the originally named party and a successive party. *Citibank, N.A.*, 904 F.2d at 1502–03. "'Privity' is a flexible legal term, comprising several different types of relationships and generally applying when a person, although not a party, has his interest adequately represented by someone with the

---

[1] Plaintiff interchangeably spells this Defendant's surname as "Schmidt"; "Scmidt"; and "Smidt." *See* Docs. 8 at 1, Doc. 11 at 1. It appears that the correct spelling of this Defendant's surname is "Smidt."

same interest who is a party." *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir. 2004) *abrogated by Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Nonparty claim preclusion may be applied when "(1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between the person to be bound and a party to the judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the nonparty assumed control over the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonlitigants." *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) (citing *Taylor*, 553 U.S. at 893–95).

Here, Plaintiff sues Smidt in his official capacity as the CEO of HFT and alleges that Smidt was responsible for and directed HFT to manufacture, design, and sell the purportedly defective cut-off wheel. Doc. 11 ¶¶ 12, 20. Any liability Smidt incurred would have been due to his actions as CEO of HFT. The relationship between the Smidt and HFT is a close one and their interests also are closely aligned, if not identical. *Pemco Aeroplex, Inc.*, 383 F.3d at 1288. Furthermore, HFT adequately represented those interests in *Killick I*. As such, these defendants were

and are in privity with one another. *Clements v. 3M Elec. Monitoring*, No. 21-12779, 2022 WL 15146786, at *5 (11th Cir. Oct. 27, 2022) ("3M Company and its CEO Roman had the same interests as 3M Company's subsidiary 3M EM, and 3M EM adequately represented their interests."); *see Horwitz v. Alloy Auto. Co.*, 992 F.2d 100, 103 (7th Cir. 1993) (CEO and owner of corporation in privity with corporation); *Mariano v. Ethan Allen Interiors, Inc.*, No. 6:10-CV-1213-ORL22KRS, 2010 WL 11626851, at *4 (M.D. Fla. Dec. 30, 2010) (noting that under Florida law, the CEO of the company was in privity with the company and bound by the judgment against the company in the previous case). Because HFT and Smidt were and are in privity, the affirmative defense of claim preclusion applies to Smidt to the same extent as HFT.

## 4.    *Killick I Involved the Same Causes of Action*

As to the final element of claim preclusion, in *Killick I*, Plaintiff asserted three claims based on the injuries Plaintiff allegedly suffered on January 25, 2020, when he was using the cut-off wheel he purchased on December 2, 2019. These claims included "Strict Liability"; "Design Defect"; and "Strict Liability Failure to Adequately Warn." Notice of Removal, *Killick I*, ECF No. 1, at 6–11. In the instant civil action,

Plaintiff asserts the exact same claims based on the injuries Plaintiff allegedly suffered on January 25, 2020, when he was using the cut-off wheel he purchased on December 2, 2019. Doc. 11 at 3, 6, 10.

\* \* \*

Accordingly, each element of claim preclusion has been satisfied.

**B.    Issue Preclusion**

In addition to claim preclusion, Plaintiff's claims are barred by the doctrine of issue preclusion.

The doctrine of issue preclusion—sometimes referred to as "collateral estoppel"—"bars relitigation of an issue of fact or law that has been litigated and decided in a prior suit." *McKinnon v. Blue Cross & Blue Shield of Ala.*, 935 F.2d 1187, 1192 (11th Cir. 1991); *accord Sellers v. Nationwide Mut. Fire Ins.*, 968 F.3d 1267, 1272 (11th Cir. 2020) (citing *Taylor*, 553 U.S. at 892). Issue preclusion, "like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979) (citing *Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 328–29 (1971)).

"[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). There are four prerequisites to the application of issue preclusion:

1. the issue at stake is identical to the one involved in the prior proceeding;

2. the issue was actually litigated in the prior proceeding;

3. the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the first action; and

4. the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000) (citing *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998)); *Greenblatt v. Drexel*, 763 F.2d 1352, 1360 (11th Cir. 1985).

### 1.    *The Relevant Issues Are Identical*

As to the first element of issue preclusion, an issue is considered "identical" to an issue litigated in a prior case if it was litigated in the prior case expressly or impliedly. *Powrzanas v. Jones Util. & Contracting Co.*, 822 F. App'x 926, 928 (11th Cir. 2020) (citing *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549–50 n.3 (11th Cir. 1990)). Furthermore, the "two cases must involve identical events or transactions; it is not enough for events or transactions to be similar in nature and close in time." *Id.* (citing *In re McWhorter*, 887 F.2d 1564, 1567–68 (11th Cir. 1989)).

As noted above, both *Killick I* and the present case are based on the same allegation. Namely, that on January 25, 2020, when Plaintiff used a cut-off wheel manufactured and sold by HFT, it malfunctioned due to a defect in the design or manufacture, and this resulted in Plaintiff injuring his hand. Under Florida law, the three claims asserted by Plaintiff—"Strict Liability," "Design Defect," and "Strict Liability Failure to Adequately Warn"—require a plaintiff to establish that the cut-off wheel was defective. *See Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1297 (11th Cir. 2022); *Cates v. Zeltiq Aesthetics, Inc.*, 535 F. Supp. 3d 1222, 1229 (M.D. Fla. 2021); *Citizens Prop. Ins. Corp. v. Simkar LLC*, 813 F.

Supp. 2d 1356, 1362 (M.D. Fla. 2011); *Beauregard v. Cont'l Tire N. Am., Inc.*, 695 F. Supp. 2d 1344, 1356 (M.D. Fla. 2010), *aff'd,* 435 F. App'x 877 (11th Cir. 2011). The key issue in *Killick I* and this case is whether the cut-off wheel was defective.

### 2.   *The Relevant Issues Were Litigated in Killick I*

For issue preclusion to apply, in the prior civil action the relevant issue must have been litigated, submitted for determination, and actually determined by the prior court. *Woodson v. Eleventh Jud. Cir.*, 791 F. App'x 116, 119–20 (11th Cir. 2019); *Christo*, 223 F.3d at 1339; *Pleming*, 142 F.3d at 1359. An issue need not result in a trial to meet the "actually litigated" prerequisite, however. *See In re Keaty*, 397 F.3d 264, 271 (5th Cir. 2005); *Pleming*, 142 F.3d at 1359; *Hirschfeld v. Spanakos*, 104 F.3d 16, 19 (2d Cir. 1997); *Truck Ins. Exch. v. Ashland Oil Inc.*, 951 F.2d 787, 792 (7th Cir. 1992) *Jacques v. Local 1418*, 404 F.2d 703, 705–06 (5th Cir. 1968) (per curiam). Indeed, satisfaction of the "actually litigated" requirement "does not require introduction of evidence or a fact hearing. Many forms of disposition on the pleadings support issue preclusion even though no evidence is offered." 18 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 4419, at 533–34 (3d ed. 2016).

In *Killick I*, HFT moved for summary judgment because Plaintiff failed to introduce evidence that there was a defect in the cut-off wheel. Chief Judge Walker granted Defendant's summary judgment motion and dismissed Plaintiff's claims with prejudice because Plaintiff had failed to create a genuine issue of material fact as to whether the cut-off wheel was defective. Accordingly, the relevant issue in the instant case already was litigated and decided in *Killick I*.

### 3. *An Actual and Necessary Part of the Judgment*

With respect to the third element of issue preclusion, "collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *Brown v. Felsen*, 442 U.S. 127, 139 n.10 (1979). An issue was a necessary part of the judgment if "the disposition in the first suit was the basis for the holding with respect to the issue and not 'mere dictum.'" *McLaughlin v. Bradlee*, 803 F.2d 1197, 1204 (D.C. Cir. 1986) (citing *Safir v. Dole*, 718 F.2d 475, 482 (D.C. Cir. 1983); *Ass'n of Bituminous Contractors, Inc. v. Andrus,* 581 F.2d 853, 860 (D.C. Cir. 1978)).

As noted above, in *Killick I*, addressing the issue of whether there was a defect in the cut-off wheel was not incidental or mere dicta on the

part of the district court. Chief Judge Walker granted HFT's motion for summary judgment because Plaintiff failed to create a genuine issue of material fact as to this element. Therefore, the issue whether the cut-off wheel was defective was an essential part of the court's judgment.

### 4. *Plaintiff Had a Full and Fair Opportunity to Litigate*

The party against whom estoppel is asserted must have been afforded a full and fair opportunity to litigate the relevant issues. *Blonder–Tongue*, 402 U.S. at 329. The Supreme Court has discussed factors relevant to determining whether a litigant who is being estopped had a full and fair opportunity to litigate an issue in the first action. These factors include: (1) whether the second action affords procedural opportunities unavailable in the first action that could readily cause a different result; and (2) whether the party being estopped had incentive to litigate the prior action vigorously. *Id.*

The instant civil action does not offer Plaintiff any procedural opportunities that were not available to him in *Killick I*. In *Killick I*, Plaintiff was afforded the opportunity to conduct discovery and an opportunity to respond to HFT's motion for summary judgment. Plaintiff also was afforded an opportunity to object to the report and

recommendation issued by the undersigned, and Chief Judge Walker reviewed *de novo* Plaintiff's objections to the undersigned's report and recommendation. Thus, every procedural opportunity Plaintiff enjoys in the instant case he also enjoyed in *Killick I. See generally Walsh v. United States*, 520 F. Supp. 377, 382 (N.D. Tex. 1981) (discussing general rule in context of availability of appeal).

Plaintiff also had every incentive to litigate *Killick I* vigorously. Plaintiff was the only plaintiff in *Killick I* and bore the burden of proof with respect to showing a defect in the cut-off wheel. Further, he would have been the sole recipient of any damages recovered in *Killick I*. This possibility of recovering damages provided him with the appropriate incentive to litigate *Killick I* to the fullest extent of his abilities. *Bourns Inc. v. Allend-Bradley Co.*, 480 F.2d 123, 125 (7th Cir. 1973) (noting that the plaintiff had incentive to vigorously prosecute because the first litigation involved a potential recovery from the defendant of approximately $1,000,000). When a party had the initiative and burden of proof in an earlier case, there is no unfairness in precluding that same party "from relitigating in a later case the same questions already decided." *Hann v. Carson*, 462 F. Supp. 854, 864 (M.D. Fla. 1978).

* * *

Accordingly, each element of issue preclusion has been satisfied.

### III. CONCLUSION

Because the doctrines of claim preclusion and issue preclusion bar Plaintiff from pursuing this civil action, the undersigned respectfully recommends that the District Court:

1.    **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

2,    **DIRECT** the clerk of the court to close this case file.

At Pensacola, Florida, this <u>21st</u> day of September, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to**

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.